

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANJIN SHIPPING CO., LTD., | ) |
| Plaintiff, | ) |
| | ) No. 07 C 0355 |
| v. | ) |
| | ) Wayne R. Andersen |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on plaintiff Hanjin Shipping Company, Inc.'s motion to remand [9]. For the following reasons, the court grants the motion and remands this case back to the Circuit Court of Cook County, Illinois.

## BACKGROUND

Hanjin filed its complaint against defendant Norfolk Southern Railway Company in the Circuit Court of Cook County, Illinois based on theories of contract and tort indemnity for damages in the amount of $50,038.20 allegedly resulting from the transportation of property by rail from the port of Long Beach, California to destinations in the Midwest in August 2005. The rail transportation was provided by Norfolk Southern at the request of Hanjin to fulfill a portion of Hanjin's obligations under its bills of lading to provide transportation of the property from ports in the Far East to final destinations in the United States.

Norfolk Southern removed the action to this court from the Circuit Court of Cook County, asserting that the claims arose in connection with the transportation of the property under Hanjin's ocean bills of lading and therefore are within the admiralty and maritime jurisdiction of a federal district court. Hanjin now moves to remand the case arguing that its

claims do not fall within this court's admiralty and maritime jurisdiction, and therefore, this case should be remanded to state court.

## DISCUSSION

### I. Hanjin's Contract with Norfolk Southern Is Not an Admiralty or Maritime Contract

In its complaint, Hanjin pleads causes of action based in both contract and tort, including indemnification for breach of bailment, indemnification for negligence and indemnification for breach of contract. Specifically, the contract claim alleges that the rail transportation from Long Beach to the Midwest was performed by Norfolk Southern pursuant to a contract with Hanjin. (Comp. at ¶ 8). Although the complaint makes reference to bills of lading and sea waybills issued by Hanjin for the carriage of the property by sea, Hanjin is not suing Norfolk Southern under those contracts. Rather, Hanjin is suing Norfolk Southern under the contract Hanjin entered into with Norfolk Southern for the rail transportation of the property from Long Beach, California to the Midwest.

In its removal petition, Norfolk Southern argues that a contract for the transportation of property within the United States as part of the transportation of property by ocean carrier from a foreign country by sea to a destination in the United States is a maritime contract citing *Norfolk Co. Rwy. Co. v. Jas. M. Kirby Pty., Ltd.* 543 U.S. 14 (2004). The court respectfully disagrees with defendant's position. An ocean carrier's contract of carriage is a maritime contract because its primary objective is to accomplish the transportation of goods by sea. *Kirby*, 543 U.S. at 24. However, unlike an ocean carrier's bill of lading, the primary purpose of a rail carrier's contract of carriage is to effect rail carriage and has nothing to do with sea carriage. In *Kirby*, the United State Supreme Court stated:

> Conceptually, so long as a bill of lading required substantial carriage of
> goods by sea, its purpose is to effectuate maritime commerce – and thus it
> is a maritime contract. Its character as a maritime contract is not defeated
> simply because it also provides for some land carriage. Geography, then,
> is useful in a conceptual inquiry only in a limited sense: If a bill's sea
> component are insubstantial, then the bill is not a maritime contract.

*Kirby*, 543 U.S. at 27. Moreover, a leading treatise on admiralty law explains:

> A contract is not considered maritime merely because the services to be
> performed under the contract have some reference to a ship or to its
> business, or because the ship is the object of such services or that it has
> reference to navigable waters. In order to be considered maritime, there
> must be a direct and substantial link between the contract and the
> operation of the ship, its navigation, or its management afloat, taking into
> account the needs of the shipping industry . . . .

1 BENEDICT ON ADMIRALTY, § 183 at 12-5 – 12-6 (7th Ed. Rev.). There is no direct and substantial link between Hanjin's contract with Norfolk Southern for the rail transportation of the property from the Long Beach, California port to the Midwest and the operation of an ocean carrier. A contract for rail carriage has no such link. *See The Ciano*, 63 F. Supp. 892 (E.D. Pa. 1954) (Admiralty has no jurisdiction of a suit against a rail carrier for cargo damage involving a shipment from Europe to an inland port in the United States on a through bill of lading issued by the ocean carrier). In other words, when an ocean carrier contracts to transport property both by sea and by land during the course of a single carriage, any subcontract the ocean carrier makes with a rail carrier to perform the land portion of the carriage is not a maritime contract.

## II. The Complaint Does Not Allege Any Other Basis for Federal Subject Matter Jurisdiction

In response to Hanjin's motion for remand, Norfolk Southern seems to abandon the sole basis for removal set forth in its removal petition, or at a minimum fails to dispute Hanjin's argument that its contract with Norfolk Southern is not a maritime contract. Instead, Norfolk Southern advances a completely new theory and argues that Hanjin's claims for indemnification

and breach of contract for the rail transportation of the property between Long Beach, California and the Midwest are governed by the Carmack Amendment and thus removable under 28 U.S.C. § 1445(b) and 28 U.S.C. § 1337(b).

That proposition may or may not have merit. However, this court does not have to address that issue, nor should it, as Hanjin does not plead a federal claim under the Carmack Amendment in its complaint. Under the well-pleaded complaint rule, the Seventh Circuit has stated:

> The existence of a federal question must appear on the face of the plaintiff's complaint. Thus, a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question. A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue the state claims in state court.

*People of the State of Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 (7th Cir. 1982) (internal citations omitted). Because Hanjin's complaint arises in contract and tort and the amount at issue is less than $75,000 and does not satisfy the requirements for diversity jurisdiction, there does not appear on the face of the complaint any other basis for subject mater jurisdiction. Thus, the count must grant Hanjin's motion to remand.

## CONCLUSION

For all of the foregoing reasons, Hanjin's motion to remand [9] is granted, and this matter is remanded to the Circuit Court of Cook County, Illinois, terminating the case in this court.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: April 13, 2007

4